UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6211-CR-Hurley/Vitunac

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ZUHAIR RABEI,

    Defendant.



## MOTION TO MODIFY BOND

The defendant, ZUHAIR RABEI, by and through the undersigned attorney, requests this court modify his bond based on the following:

1. The defendant was initially arrested in Texas where he was given a $50,000 10% bond.

2. On September 20, 2000, the defendant appeared before the U.S. District Court in this case. At that time, he was arraigned, and a bond hearing was held.

3. This court set a $100,000 corporate surety bond with Nebbia requirement but indicated the court would reconsider the issue of bond should the defendant be able to present additional information.

4. The defendant has remained incarcerated, so far, unable to post the bond set by this court.

5. The defendant's family members have been in regular contact with the undersigned attorney. The defendant comes from a very close family, and he feels much loyalty toward them.

6. Counsel has discussed the issue of bond with the prosecutor, AUSA Bardfeld. He has no objection to a new bond proposed by defense counsel that involves pledge the defendant's father's home in the U.S. Virgin Islands. The home is believed to be worth approximately $700,000 with only a $50,000 mortgage. A copy of the deed to the property in question is attached hereto.

7. The defendant's family members are hard-working people. They mostly own and work in small supermarkets and work long hours. The collateral for the current bond is not a problem. However the large fee charged by a bondsman (15%) is a hardship for the family because they would never get that money back.



8. Counsel and the prosecutor have agreed that the government would accept a $50,000 10% bond combined with a $500,000 personal surety bond co-signed by the defendant's father who owns the house in the U.S. Virgin Islands. The funds would be from the same source as the funds posted in Texas.

9. The defendant can show some flexibility to the court concerning the terms of bond. However, losing $15,000 to a bondsman is too great a hardship for the defendant's family.

WHEREFORE, the defendant prays this Honorable Court reconsider his bond and modify it to require a $50,000 10% bond combined with a personal surety bond co-signed by the defendant's father.

RANDEE J. GOLDER, P.A.
PO Box 3756
Boynton Beach, FL 33424-3756
(561) 752-9890
FAX: (561) 752-9889

_____
Randee J. Golder, Esq.
Fla. Bar No. 402206

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to:

AUSA Laurence M. Bardfeld
U.S. Attorney's Office
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, FL 33394-3002

on this 19th day of October, 2000.

RANDEE J. GOLDER, P.A.
PO Box 3756
Boynton Beach, FL 33424-3756
(561) 752-9890
FAX: (561) 752-9889

_____
Randee J. Golder, Esq.
Fla. Bar No. 402206

2