UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6211-CR-Hurley/Vitunac

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ZUHAIR RABEI,

    Defendant.



## DEFENDANT'S OBJECTIONS TO P.S.I.

The defendant, ZUHAIR RABEI, by and through the undersigned attorney, submits the following objections to Presentence Investigation Report.

### Page 13, Paragraph 49

*Factual:* The defendant was not a <u>broker</u> of pseudoephedrine. The word "broker" should be stricken from the first sentence of this paragraph.

*Legal:* The defendant should receive a minimal role. Counsel has consulted with the prosecutor, AUSA Bardfeld, who agrees with this assessment of the defendant's role in the offense. The last sentence of this paragraph should be corrected to reflect a minimal role in the offense.

### Page 14, Paragraph 55

*Factual:* On the next to last line of this paragraph, the amount of pseudoephedrine should be corrected to show 48,038,400 <u>mg</u>, which is equivalent to approximately 48 KG.

**Page 15, Paragraph 58**

*Legal:* The defendant should receive a minimal role adjustment of –4 for his role in the offense. The prosecutor is in agreement with this role assessment.

**Page 15, Paragraph 64**

*Legal:* The defendant should receive a 2-level reduction for meeting the criteria set forth in §5C1.2 (Safety Valve). The prosecutor is in agreement with this reduction to the defendant's sentencing guidelines and the defendant meets the criteria for this reduction.

The defendant's total adjusted offense level should be Level 21.

**Page 20, Paragraph 94**

*Legal:* The defendant's total offense level should be 21. His guideline imprisonment range should be 37-46 months.

**Request for Downward Departure**

The defendant requests a downward departure from his sentencing guidelines based on his poor health. The defendant served approximately 4 months in jail before being released on bond. During his incarceration, the defendant suffered a heart attack. The personnel at the Palm Beach County Jail proceeded to treat his symptoms with Mylanta. After 3 days, the defendant was finally taken to the infirmary and was transported to the hospital in serious cardiac distress. After being hospitalized for several days, he was returned to the jail, and the Marshal transported him to FDC due to continuing cardiac problems. At FDC, he was taken to Jackson Memorial Hospital where he was catheterized to relieve some of the distress. The defendant continues to suffer from fatigue and shortness of breath. Unfortunately, the medical facilities available in

prison are often not equipped to deal with such chronic and potentially fatal problems, and it can take days before an inmate is properly examined.

The defendant requests this court depart downward from his sentencing guidelines based on 5K2.0 and <u>Koon v. United States</u>, 518 U.S. 81 (1996).

The defendant also requests this court depart downward based on 5K2.20 (Aberrant Behavior). This defendant had been a very hard-working, law-abiding member of society until this offense. He is a naturalized U.S. citizen who has maintained employment mostly in corner grocery stores and has helped to support not only his wife and six children, but also his other relatives and their families. In this case, the defendant agree to rent a van and transport one load of "medicine" (as it is known in the Palestinian community). The "medicine" he transported was not illegal. He knew through rumors in the Palestinian community that the quantities of "medicine" were abnormally large, but this defendant played no part in conversion of the substance to methamphetamine. The defendant would not have known what to do with the "medicine" if not for being accompanied by a co-defendant who instructed him on what to do with delivery and mailing of the drugs. This defendant did not fully appreciate the illegality of his actions and would not have undertaken such activities if he had full knowledge of the nature and scope of the conspiracy. He agreed to perform the activities to make some extra money to send to his family. His actions are an isolated instance of aberrant behavior.

RANDEE J. GOLDER, P.A.

_____
Randee J. Golder, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to:

AUSA Laurence M. Bardfeld
U.S. Attorney's Office
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, FL 33394-3002

USPO Sheila A. Parsons
U.S. Probation Office
501 S. Flagler Dr., Suite 400
West Palm Beach, FL 33401

on this 18th day of June, 2001.

RANDEE J. GOLDER, P.A.
PO Box 243756
Boynton Beach, FL 33424-3756
(561) 752-9890
FAX: (561) 752-9889

Randee J. Golder, Esq.
Fla. Bar No. 402206